**In re LEHAL REALTY ASSOCIATES,
Debtor.**

**John F. SCHEFFEL, as Trustee of Lehal
Realty Associates, Plaintiff,**

v.

**NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE,
Defendant.**

**Bankruptcy No. 89 B 20078.
Adv. No. 91–6092A.**

United States Bankruptcy Court,
S.D. New York.

April 6, 1993.

Bigham Englar Jones & Houston, John Mac Crate III, New York City, for trustee/plaintiff.

**206**

Andrew Zalewski, N.Y. State Dept. of Taxation & Finance, Albany, NY, Robert Abrams, Atty. Gen. of the State of N.Y. Rosalie J. Hronsky, Asst. Atty. Gen., New York City, for defendant.

Marvin Neiman P.C., Betsy R. Malik, New York City, for Israel Halpern.

### *ORDER*

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

UPON the Summons and Complaint of Plaintiff, John F. Scheffel, the trustee duly appointed in this Chapter 11 case ("Trustee"), dated June 3, 1991; the Answer of Defendant, New York State Department of Taxation and Finance (the "Tax Department" or "Defendant"), dated September 4, 1991; the Notice of Motion dated September 20, 1991, sworn to September 21, 1991; the annexed Affidavit of John F. Scheffel and exhibits annexed thereto; and the accompanying Memorandum of Law in support of the Trustee's motion for pretrial summary judgment; the Affidavit of Rosalie J. Hronsky sworn to October 1, 1991 in opposition to the Trustee's motion for partial summary judgment, which motion came to be heard before this Court on October 4, 1991; and upon the trial on October 4, 1991 of the above referenced adversary proceeding; the post-trial Brief of the Trustee dated October 11, 1991; the post-trial Brief of Defendant dated October 21, 1991; and the Court having rendered a written decision dated October 23, 1991 and entered October 24, 1991 holding, *inter alia,* that the Trustee is entitled to a determination that he is exempt from the tax imposed pursuant to New York Tax Law § 1441 (the "Gains Tax") because the Gains Tax is a "stamp or similar tax" within the meaning of 11 U.S.C. § 1146(a); and the Court having issued an Order dated November 14, 1991 and entered November 26, 1991; and

UPON the application of the Trustee for an Order Authorizing Trustee to Cease Seeking Refund of New York State Transfer Gains Taxes dated January 19, 1993; and this matter duly having come to be heard before this Court on February 10, 1993; and Bigham Englar Jones & Houston (Aileen J.

Fox, Esq.) having appeared as attorneys for the Plaintiff Trustee; and Robert Abrams, Attorney General of the State of New York (Rosalie J. Hronsky, Assistant Attorney General) having appeared as attorney for the Tax Department; and George Lebovits having appeared by his attorneys, Barr & Rosenbaum, Esqs. (Elizabeth A. Haas, Esq.); good and sufficient notice hereof having been given; and after due deliberation good and sufficient reason appearing herefore; and the Court having rendered its decision orally from the bench; and therefore

NOW, on the motion of Barr & Rosenbaum, Esqs.

ORDERED, that the Order of this Court dated November 14, 1991 and entered November 26, 1991, and the decision of this Court dated October 23, 1991 and entered October 24, 1991 hereby are vacated; and it is further

ORDERED, that George Lebovits and Israel Halpern, as their interest as the true parties in interest may appear, may assume and continue, in the place and stead of the Chapter 7 Trustee, that certain tax appeals pending before the New York State Division of Tax Appeals, numbered DTA 810377, at their own cost and expense; and it is further

ORDERED, that the Trustee be and he hereby is permitted to abandon to George Lebovits and Israel Halpern, as the true parties in interest, any and all rights and interests they and the Bankruptcy Estate may have to any claim for a refund for taxes paid by the Trustee.